SCPW-12-0001016

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

MICHAEL C. TIERNEY, Petitioner,

vs.

TED SAKAI, INTERIM DIRECTOR, DEPARTMENT OF PUBLIC SAFETY, STATE
OF HAWAI'I; SHARI KIMOTO; and JEANETTE BALTERO, Respondents.

ORIGINAL PROCEEDING

<u>ORDER DENYING PETITION FOR WRIT OF MANDAMUS</u>
(By: Recktenwald, C.J., Nakayama, McKenna, and Pollack, JJ.,
and Acoba, J. dissenting)

Petitioner Michael C. Tierney submitted a petition for
a writ of mandamus, which was filed on November 16, 2012.
Petitioner alleges that the wardens at the Saguaro Correctional
Center in Eloy, Arizona have denied him access to the courts by
"refusing to mail his legal mail [and] provide pens, paper,
envelopes, postage[,] and phone calls to his attorney and [the]
courts." Based upon our review of the petition, the documents
attached thereto and submitted in support thereof, and the
record, it appears that petitioner's claim of lack of access to
legal resources and materials is not substantiated in light of

the eight matters that he recently filed in this court --
(1) <u>Tierney v. Sheriff for the State of Hawaiʻi</u>, SCPW-12-0000978 (filed November 2, 2012); (2) <u>Tierney v. District Court of the First Circuit, Honolulu Division</u>, SCPW-12-0000979 (filed November 2, 2012); (3) <u>Tierney v. Perkins</u>, SCPW-12-0001013 (filed November 16, 2012); (4) <u>Tierney v. Hironaka</u>, SCPW-12-0001014 (filed November 16, 2012); (5) <u>Tierney v. Matsuoka et al.</u>, SCPW-12-0001015 (filed November 16, 2012); (6) <u>Tierney v. Sakai</u>, SCPW-12-0001116 (filed December 27, 2012); (7) <u>Tierney v. Matsuoka</u>, SCPW-12-0001118 (filed December 27, 2012) and (8) <u>Tierney v. Sakai</u>, SCPW-12-0000831 (filed December 27, 2012).  See <u>Lewis v. Casey</u>, 518 U.S. 343, 349-51 (1996) (to state a viable constitutional claim of interference with access to the courts, the inmate must demonstrate that he or she suffered an actual injury in the pursuit of a nonfrivolous legal claim as a result of the alleged shortcomings in access to legal resources and materials); <u>Shaw v. Murphy</u>, 532 U.S. 223, 231 (2001).  Petitioner, therefore, is not entitled to mandamus relief.  See <u>Kema v. Gaddis</u>, 91 Hawaiʻi 200, 204, 982 P.2d 334, 338 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action).  Accordingly,

2

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawaiʻi, January 10, 2013.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack


DISSENT BY ACOBA, J.

If Petitioner, imprisoned in Arizona, has been denied or hampered in obtaining paper, pens, envelopes, and postage or refused communications with his attorney because of disputed questions of indigency, he will have been deprived of the most fundamental avenues of access to the courts in Hawaiʻi. I would not speculate about reasons for denying the petition but would require the Respondents to file an answer to the Petition.

/s/ Simeon R. Acoba, Jr.